UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, a company organized under the laws of the State of Illinois,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH ELDON PARKER, an individual; RENEE SHEERAN, an individual,<br><br>Defendants. | No.: _____<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff Evanston Insurance Company ("Evanston") hereby brings this Complaint for Declaratory Judgment against Defendants Kenneth Eldon Parker and Renee Sheeran.

## I. THE PARTIES

1.1     Evanston is a company organized under the laws of the State of Illinois with its principal place of business located at 10275 W. Higgins Road, Suite 750, Rosemont, Illinois 60018.  At all times, Evanston was in the business of providing insurance and was licensed to issue insurance policies in the State of Washington.

1.2     Defendant Kenneth Eldon Parker is an individual residing in Snohomish County and domiciled in the State of Washington.

1.3     Defendant Renee Sheeran is an individual residing in Snohomish County and domiciled in the State of Washington.

## II. JURISDICTION AND VENUE

2.1     This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the plaintiff is a citizen of a different state than all defendants.

2.2     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because the events or omissions giving rise to the cause of action occurred in this judicial district and because the defendants reside in this judicial district.

## III. FACTS

3.1     Evanston incorporates by reference all allegations set forth in paragraphs 1.1 through 2.2 as if fully set forth herein.

**A.     The Policy**

3.2     Evanston issued Specified Medical Professions Insurance Policy No. SM932690 to Parker for the policy period beginning on September 1, 2020 and ending on September 1, 2021 (the "Policy").

3.3     The Policy provides professional liability insurance to Parker and other defined insureds according to certain terms, conditions, limitations, and exclusions.

3.4     The Policy's Insuring Agreement states:

> **INSURING AGREEMENT**
>
> A. **Professional Liability Claims Made Clause:** The Company shall pay on behalf of the Insured all sums in excess of the Deductible amount stated in the Declarations, which the Insured shall become legally obligated to pay as Damages as a result of a Claim first made against the Insured during the Policy Period or during the Extended Reporting Period, if exercised, and reported to the Company pursuant to Section CLAIMS A.., Claim Reporting Provision, for Professional Personal Injury:

        **1.** By reason of any act, error or omission in Professional Services arising out of the conduct of the Insured's Professional Services rendered or that should have been rendered by an Insured; or

        **2.** By reason of any act, error or omission in Professional Services arising out of the conduct of the Insured's Professional Services rendered or that should have been rendered by a natural person, who is not and shall not be an Insured hereunder, and through whose acts the Insured controls the provider-patient relationship as of the time of such act, error or omission;

provided:

        **a.** The act, error or omission happens during the Policy Period or on or after the Retroactive Date stated in the Declarations and before the end of the Policy Period; and

        **b.** Prior to the effective date of this policy, the Insured had no knowledge of such act, error or omission or any fact, circumstance, situation or incident which may lead a reasonable person in the Insured's position to conclude that a Claim was likely.

3.5    Subject to all Policy terms, conditions, limitations, and exclusions, the Policy provides coverage for "Professional Personal Injuries" by reason of any act, error or omission in "Professional Services" arising out of the conduct of the Insured's "Professional Services" rendered or that should have been rendered by an Insured.

3.6    The Policy defines "Professional Personal Injury," in part, as follows:

    **H.**    **Professional Personal Injury** means:

        **1.** Any bodily injury, mental injury, sickness, disease, emotional distress or mental anguish, including death resulting therefrom of any natural person receiving Professional Services arising out of an at, error or omission in Professional Services rendered or that should have been rendered[.]

3.7 The Policy defines "Professional Services" as follows:

> I. Professional Services means those services stated in Item 4. of the Declarations.

Item 4. of the Declarations states, in part, as follows:

> 4. PROFESSIONAL SERVICES AND SPECIFIED PRODUCTS, GOODS, OPERATIONS OR PREMISES:
>
> A. Professional Services: Chiropractor Clinic.

3.8 the Policy is subject to Exclusion A, which states as follows:

> This [Professional Liability] Coverage Part does not apply to:
>
> A. Any act, error or omission in Professional Services rendered or that should have been rendered or Professional Personal Injury committed in violation of any law or ordinance.

3.9 The Policy is subject to Exclusion B, which states as follows:

> This [Professional Liability] Coverage Part does not apply to:
>
> * * *
>
> B. Any Claim based upon or arising out of any dishonest, fraudulent, criminal, malicious, knowingly wrongful, deliberate, or intentional acts, errors or omissions committed by or at the direction of the Insured.

3.10 The Policy is subject to Exhibit L, which states as follows:

> This [Professional Liability] Coverage Part does not apply to:
>
> * * *
>
> L. Any Claim based upon or arising out of any sexual act, including without limitation sexual intimacy (even if consensual), sexual contact, sexual advances, requests for sexual favors, sexual molestation, sexual assault, sexual abuse, sexual harassment, sexual exploitation or other verbal or physical conduct of a sexual nature; provided, however, the Company agrees to defend the Named

Insured for such a Claim for the strictly vicarious liability of the Named Insured, unless a manager, supervisor, officer, director, trustee or partner of the Named Insured:

**1.** Knew or should have known about the sexual act allegedly committed by the Insured but failed to prevent or stop it; or

**2.** Knew or should have known that the Insured who allegedly committed the sexual act had a prior history of such sexual misconduct act.

**B.     The Underlying Action**

3.11    On or about May 20, 2021, Renee Sheeran filed suit against Kenneth Eldon Parker and Chiropractic Health & Wellness Center, Inc. in Snohomish County Superior Court Case No. 21-2-02319-31, entitled *RENEE SHEERAN, an individual, Plaintiff, v. KENNETH ELDON PARKER, an individual; CHIROPRACTIC HEALTH & WELLNESS CENTER, INC., a Washington Corporation; and J.DOE 1-10; Defendants* (the "Underlying Lawsuit").

3.12    Sheeran's Complaint in the Underlying Lawsuit asserts causes of action against Parker for Negligence, Medical Battery, Lack of Informed Consent, Assault, Infliction of Emotional Distress, and Outrage.

3.13    Sheeran's Complaint in the Underlying Lawsuit alleges "Dr. Parker's treatment involved techniques that were not appropriate or sanctioned chiropractic techniques, and instead involved aggressive touching of the patient's sensitive areas."

3.14    Sheeran's Complaint in the Underlying Lawsuit further alleges "[i]n May 2021, news broke publicly that Parker had been arrested for investigation of indecent liberties by a health care professional."

3.15    Sheeran's Complaint in the Underlying Lawsuit alleges "[Sheeran] was emotionally distraught as memories she had tried to suppress were brought back to the surface when she learned that there were numerous other victims of this same chiropractor."

3.16    Sheeran's Complaint in the Underlying Lawsuit further alleges "[w]hen Dr. Parker inappropriately and aggressively touched [Sheeran]'s sensitive areas during treatment without a legitimate medical basis, the contact was offensive."

3.17    Sheeran's Complaint in the Underlying Lawsuit further alleges "[Sheeran] did not consent to inappropriate and aggressive touching of her sensitive areas, when it was not a legitimate medical treatment."

3.18    Sheeran's Complaint in the Underlying Lawsuit further alleges "[t]o the extent [Sheeran] consented, the consent was given without being informed: [Sheeran] was misled by Dr. Parker about the appropriateness and necessity of the aggressive touching of her sensitive areas."

3.19    Sheeran's Complaint in the Underlying Lawsuit further alleges "[w]here Parker used forcible compulsion to aggressively touch [Sheeran]'s sensitive areas, his conduct constituted the crime of Indecent Liberties, RCW 9A.44.100, a Class B felony."

3.20    Sheeran's Complaint in the Underlying Lawsuit further alleges Parker's "wrongful conduct described above has caused [Sheeran] to suffer actual damages for which they should be compensated in an amount to be proven at trial."

3.21    On or around July 1, 2021, Defendant Parker tendered defense of the Underlying Lawsuit to Evanston.

3.22    Evanston agreed to defend, and is defending, Parker in connection with the Underlying Lawsuit, subject to a full reservation of rights.

## IV.  FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT

4.1    Evanston incorporates by reference all allegations set forth in paragraphs 1.1 through 3.22 as if fully set forth herein.

4.2    The Policy constitutes a binding and enforceable contract setting forth the rights and obligations of the parties.

4.3     Pursuant to the express terms, conditions, exclusions, and limitations of the Policy, the Policy provides no liability coverage to Parker for the claims and damages alleged against him in the Underlying Lawsuit.

4.4     Parker's acts, errors, and omissions, as alleged in the Underlying Lawsuit, do not constitute "Professional Services."

4.5     The claims and damages alleged against Parker in the Underlying Lawsuit are excluded pursuant to Exclusions A, B, and L of the Policy.

4.6     For these reasons, Evanston has no duty to defend or indemnify Parker under the Policy with respect to the Underlying Lawsuit.

## REQUEST FOR RELIEF

WHEREFORE, Evanston prays for judgment in its favor and against Defendants as follows:

A.      That this Court enter judgment pursuant to the Washington Judgments Act, RCW 7.24, *et seq.*, declaring as follows:

   i.    That Evanston owes Parker no defense or indemnity under the Policy with respect to the Underlying Lawsuit;

   ii.   That Evanston is permitted and granted leave to withdraw the defense it is currently providing to Parker; and

B.  Such other and further relief as the Court deems just and appropriate.

//
//
//
//
//
//
//

DATED: February 18, 2022

BULLIVANT HOUSER BAILEY PC

By */s/ Michael A. Guadagno*
    Michael A. Guadagno, WSBA #34633
    E-mail:  michael.guadagno@bullivant.com
    Elizabeth Hebel, WSBA #56708
    E-mail:  elizabeth.hebel@bullivant.com

Attorneys for Plaintiff Evanston Insurance Company.

4844-3884-7738.4